THE STATE OF OHIO, APPELLANT, *v.* CONESE, APPELLEE.

[Cite as *State v. Conese,* 102 Ohio St.3d 435, 2004-Ohio-3889.]

(No. 2003–0922—Submitted April 27, 2004—Decided August 4, 2004.)

PFEIFER, J.

{¶ 1} After a jury trial, appellee, Mark Conese, the Central Committee Chairman of the Butler County Democratic Party and a member of the county board of elections, was convicted of coercing a political contribution in violation of R.C. 2921.43(C). The court of appeals reversed, concluding that the state had "failed to prove an essential element of the offense charged—the making of a contribution to a political party as a result of Conese's pressure." We are asked to determine whether it is possible to be convicted of coercing a political contribution when no political contribution is made. For the reasons that follow, we conclude that it is.

{¶ 2} R.C. 2921.43(C) states:

{¶ 3} "No person for the benefit of a political party, campaign committee, legislative campaign fund, political action committee, or political contributing entity shall coerce any contribution in consideration of either of the following:

{¶ 4} "(1) Appointing or securing, maintaining, or renewing the appointment of any person to any public office, employment, or agency;

{¶ 5} "(2) Preferring, or maintaining the status of, any public employee with respect to compensation, duties, placement, location, promotion, or other material aspects of employment."

{¶ 6} Former R.C. 2905.12(A) stated:

{¶ 7} "No person, with purpose to coerce another into taking or refraining from action concerning which he has a legal freedom of choice, shall do any of the following:

{¶ 8} "(1) Threaten to commit any offense;

{¶ 9} "(2) Utter or threaten any calumny against any person;

{¶ 10} "(3) Expose or threaten to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage his personal or business repute, or to impair his credit;

{¶ 11} "(4) Institute or threaten criminal proceedings against any person;

{¶ 12} "(5) Take or withhold, or threaten to take or withhold official action, or cause or threaten to cause official action to be taken or withheld." 1972 Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1905. (The current version includes gender-neutral changes but is substantively the same. 2002 Am.Sub. H.B. No. 490.)

{¶ 13} Coercion does not require that the person being coerced take or refrain from action because of the coercive conduct. Rather, coercion occurs when a person, among other things, threatens another with the purpose of coercing the other into taking or refraining from action, irrespective of how the person threatened responds to the threat. The 1973 Legislative Service Commission comment to 1972 Am.Sub. H.B. No. 511, which enacted R.C. 2905.12, states that the "gist of [R.C. 2905.12] is a threat made to force another into doing or refraining from something concerning which he has a legal freedom of choice." We conclude that the General Assembly's use of "coerce" in R.C. 2921.43(C) encompasses this consideration. Accordingly, we hold that when a threat is made with the purpose to coerce another into taking or refraining from taking action concerning which that person has a legal freedom of choice, the person threatening "coerces" within the meaning of R.C. 2921.43(C).

{¶ 14} Accordingly, we reverse the judgment of the court of appeals and reinstate the conviction. We remand to the trial court for execution of sentence.

Judgment reversed
and cause remanded.

MOYER, C.J., FARMER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

F.E. SWEENEY, J., dissents and would affirm the court of appeals.

O'DONNELL, J., dissents with opinion.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting for RESNICK, J.

---

**O'DONNELL, J., dissenting.**

{¶ 15} I would affirm the judgment of the court of appeals. The state assumed a burden in this case to prove guilt beyond a reasonable doubt of all the essential elements of the crime of soliciting improper compensation. The statute in question here, R.C. 2921.43(C), provides:

{¶ 16} "No person for the benefit of a political party, campaign committee, legislative campaign fund, political action committee, or political contributing entity shall coerce any contribution in consideration of either of the following:

{¶ 17} "(1) Appointing or securing, maintaining, or renewing the appointment of any person to any public office, employment, or agency;

{¶ 18} "(2) Preferring, or maintaining the status of, any public employee with respect to compensation, duties, placement, location, promotion, or other material aspects of employment."

{¶ 19} Thus, the essential elements of this offense, which the state needed to prove in order meet its burden, required a showing that Conese (1) coerced Dixon, an employee of the board of elections (2) to make a contribution (3) in consideration of keeping his job at the board.

{¶ 20} Here, the state demonstrated that Conese used strong language in attempting to obtain a contribution to the Democratic Party in the amount of all of Dixon's salary at the board of elections, which directly related to the retention of Dixon's position at the board of elections. However, the state never demonstrated that Dixon ever made any contribution as a result of his conversations with Conese. In fact, Dixon never did make such a contribution. Accordingly, the state failed to demonstrate that the actions of Conese—which may very well have constituted coercion—resulted in a contribution. Because the state failed to

prove that Dixon made a contribution, it failed in its burden of proof. Accordingly, I would affirm the judgment of the court of appeals.

———

Robin N. Piper, Butler County Prosecuting Attorney, Daniel G. Eichel, First Assistant Prosecuting Attorney and Chief, Appellate Division, and Randi E. Froug, Assistant Prosecuting Attorney, for appellant.

Mark Conese, pro se.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephan P. Carney, Senior Deputy Solicitor, and M. Scott Criss, Assistant Solicitor, urging reversal for amicus curiae Attorney General of Ohio.