DISCIPLINARY COUNSEL *v.* CONESE.

[Cite as *Disciplinary Counsel v. Conese,*
102 Ohio St.3d 439, 2004-Ohio-3888.]

(No. 2004–0469—Submitted April 27, 2004—Decided August 4, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Mark A. Conese of Hamilton, Ohio, Attorney Registration No. 0004637, was admitted to the practice of law in Ohio in 1983. On August 7, 2003, relator, Disciplinary Counsel, charged respondent in an amended complaint with six counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline ("board") heard the cause and, based on stipulations, exhibits, and testimony, made findings of fact, conclusions of law, and a recommendation.

{¶ 2} The charges in Counts One and Two arose from findings of the Ohio Secretary of State and Ohio Elections Commission that respondent, while serving as a member of the Butler County Board of Elections in March 2000, threatened an employee of the board of elections with dismissal if the employee refused to contribute 100 percent of his net salary to the Butler County Democratic Party. On March 20, 2001, the Secretary of State removed respondent from the county board of elections for malfeasance and misfeasance in office. On October 10, 2002, the elections commission fined respondent $1,000 for his violation of R.C. 3517.09(B).[1] In *State v. Conese,* 102 Ohio St.3d 435, 2004-Ohio-3889, 812 N.E.2d 306, we affirmed respondent's conviction for having violated R.C. 2921.43(C) (coercive solicitation for a political party), a misdemeanor of the first degree for

---

1. {¶ a} R.C. 3517.09(B) provides:

{¶ b} "No person shall coerce, intimidate, or cause harm to another person by an act or failure to act, or shall threaten to coerce, intimidate, or cause harm to another person, because that other person makes or does not make a contribution to a candidate, campaign committee, political party, legislative campaign fund, political action committee, or political contributing entity."

which he was sentenced to 180 days in jail, all of which was suspended, fined $1,000, $750 of which was suspended, and ordered to pay the costs of his prosecution. With this conviction, respondent is disqualified from holding any public office, employment, or position of trust in Ohio for seven years. R.C. 2921.43(E).

{¶ 3} As to Counts One and Two, the parties stipulated and the panel found that respondent had violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice) and 1–102(A)(6) (barring conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The charges in Count Three arose out of a past business relationship between respondent and his identical twin brother, Michael S. Conese, a former attorney whose law license was suspended for misconduct on October 2, 2002, *Disciplinary Counsel v. Conese,* 96 Ohio St.3d 458, 2002-Ohio-4797, 776 N.E.2d 13, and whose resignation from the practice of law we accepted on May 7, 2003. *In re Resignation of Conese,* 99 Ohio St.3d 1203, 2003-Ohio-2588, 788 N.E.2d 1096. Before these orders and beginning around 1999, respondent and his brother shared office space for a few years, and respondent used letterhead suggesting to the public that he and his brother were partners in a law firm. In fact, they were not. As to this count, the parties stipulated and the panel found that respondent had violated DR 2–102(C) (barring a lawyer from misrepresenting that he or she is in partnership with one or more other lawyers or professional corporations).

{¶ 5} The charges in Count Four arose from respondent's acceptance of a fee for representing a client who had retained respondent's brother as his attorney. In October 2002, soon after his brother's license suspension, respondent appeared with his brother at a mediation conference on this client's behalf. Respondent later accepted fees and expenses for representing this client, even though the client had never consented to respondent's sharing the fees that the client had paid respondent's brother. As to this count, the parties stipulated and the panel found that respondent had violated DR 2–107(A) (allowing lawyers to share fees when they are not members of the same law firm only if they obtain a client's prior consent, divide the fee in proportion to their services or the client agrees in writing that all the lawyers take responsibility for the representation, charge a total fee that is reasonable, and disclose to the client the identity of all lawyers sharing in the fee and the terms of the fee division).

{¶ 6} The charges in Count Five arose because respondent represented a second client who had also retained respondent's brother. In June 2002, respondent's brother paid respondent part of the fee that the client had paid him, but respondent did not obtain the client's express written consent to the fee-sharing

arrangement beforehand. As to this count, the parties stipulated and the panel found that respondent had committed a second violation of DR 2–107(A).

{¶ 7} The charges in Count Six were based on irregularities in the financial records for respondent and his brother's law practice. In 2001 and 2002, respondent and his brother deposited client fees into the brother's office operating account, rather than a client trust account, and during 2002, the brothers repeatedly paid themselves from the same account. As to this count, the parties stipulated and the panel found that respondent had violated DR 2–107(A), 9–102(A) (requiring the deposit of funds paid to a lawyer or law firm, other than advances for costs and expenses, in an identifiable bank account and separate from any account containing funds belonging to the lawyer or law firm), 9–102(B)(3) (requiring a lawyer to maintain complete records and appropriately account for all funds, securities, and other properties of a client in the attorney's possession), and 9–102(E)(1) (requiring a lawyer to maintain funds of clients or third persons in certain interest-bearing trust accounts).

{¶ 8} In recommending a sanction for this misconduct, the panel considered the parties' stipulations as to the mitigating features of respondent's case. See Section 10(B)(2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel found extenuating the fact that none of the charges against respondent had resulted from a client's grievance, nor had his misconduct caused any clients harm. Moreover, respondent had no prior record of disciplinary findings against him and had cooperated in a professional manner throughout the disciplinary process. BCGD Proc.Reg. Sections 10(B)(2)(a) and (d). The panel further observed that respondent had already paid a price for the misconduct found under Counts One and Two—the elections commission fined him $1,000 and the Secretary of State removed him from the board of elections, a penalty that also cost him medical and other benefits. BCGD Proc.Reg. 10(B)(2)(f).

{¶ 9} Respondent, who had formerly served Butler County for 12 years, first as county court judge and then as a common pleas court judge in the domestic relations division, testified to other costs of his misconduct and mitigation. He described how his prosecution and the publicity surrounding it had adversely affected his family and his law practice. He acknowledged that he had engaged in the unauthorized fee-sharing and unethical accounting practices by relying too heavily on his brother's office staff. During this time, respondent had also been distressed by his brother's illness, the brother's subsequent suspension, and, soon afterward, their father's death.

{¶ 10} Respondent attributed some of his misconduct to his unfamiliarity with ethical requirements for maintaining a law office after leaving the bench. But he

has since taken steps to improve his office management, and he advised the panel that he no longer shares his office with any other attorneys, that he now has a client trust account that complies with DR 9–102(E)(1), and that he monitors his office staff more closely regarding deposits and payments. At the close of his testimony, respondent expressed deep regret and remorse for his transgressions.

{¶ 11} The panel accepted the sanction suggested by the parties: a two-year suspension of respondent's license to practice law, with the entire suspension stayed on these conditions:

{¶ 12} 1. Respondent shall be placed on probation for the two-year term of his suspension and be monitored by Attorney Michael D. Shanks of Hamilton, Ohio, in accordance with Gov.Bar R. V(9), including the requirements that the monitoring attorney provide quarterly compliance reports and that respondent apply for termination of his probation at the end of the two-year period. See Gov.Bar R. V(9)(B) and (D); and

{¶ 13} 2. In addition to fulfilling the continuing legal education (CLE) requirements in Gov.Bar R. X, respondent shall attend a total of 12 additional hours of CLE on law office management.

{¶ 14} The board adopted the panel's findings of misconduct and recommendation.

{¶ 15} Upon review, we agree that respondent violated DR 1–102(A)(5), 1–102(A)(6), 2–102(C), 2–107(A), 9–102(A), 9–102(B)(3), and 9–102(E)(1) as found by the board. And now that we have affirmed respondent's conviction of R.C. 2921.43(C), we find even more pronounced the prejudicial effect of his misconduct on the administration of justice.

{¶ 16} We also agree that the recommended two-year suspension, stayed on conditions, is appropriate based on the cited mitigating features, including respondent's admissions of misconduct, his cooperation in the disciplinary proceedings, his contrition, and his remedial efforts. Respondent has been penalized by the Secretary of State and elections commission and now, based on the misdemeanor conviction affirmed today, he will continue to pay for wrongdoing related to the findings of misconduct in this case, none of which resulted from any client's grievance. Finally, we are convinced that respondent appreciates the wrongfulness of his conduct and by his assurances that he will not repeat his misconduct. These are sufficient reasons for conditionally staying the significant suspension that is warranted and that the parties suggested for respondent's serious ethical infractions.

{¶ 17} Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of two years; however, this suspension is stayed on the conditions that (1) respondent remain on probation for the two-year term of his

suspension and be monitored by Attorney Michael D. Shanks of Hamilton, Ohio, in accordance with Gov.Bar R. V(9), including the requirements that the monitoring attorney provide quarterly compliance reports and that respondent apply for termination of his probation at the end of the two-year period pursuant to Gov.Bar V(9)(B) and (D); and (2) in addition to fulfilling the CLE requirements in Gov.Bar R. X, respondent shall attend a total of 12 additional hours of CLE devoted strictly to the subject of law office management. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., concurs in judgment only.

RESNICK, J., not participating.

———

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

F. Joseph Shiavone, for respondent.